IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE LUIS SANTOS [EQ-7256], | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAIVD DiGUGLIELMO, et al. | : | NO. 06-4182 |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE                                                                November 7, 2006
UNITED STATES MAGISTRATE JUDGE

      Before the Court is the *pro se* petition of Jose Luis Santos ("Santos" or "Petitioner") for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on September 16, 2006. Petitioner is incarcerated at the State Correctional Institution at Graterford, Montgomery County, Pennsylvania. (Doc. No. 1 at 1.) The petition asserts multiple claims of ineffective assistance of counsel, appears to set forth a *Batson* claim, and asserts that DNA evidence excludes him as the perpetrator of the crime for which he was convicted. (Doc. No. 1 at 9.)[1] The judgment of conviction that is under attack by Petitioner, however, was entered in Dauphin County, Pennsylvania. (Doc. No. 1 at 4.)

      A petitioner may file a habeas corpus petition in either the district court for the district where he is in custody or in the district court for the district in which he was convicted. 28 U.S.C. § 2241(d). Two district courts may have concurrent jurisdiction if the petitioner is in custody in one district and was convicted in a different district. *Id.* In that instance, the district court in

---

[1] The petition was accompanied by copies of various laboratory reports and medical records, as well as a motion for appointment of counsel (due to Petitioner's alleged mental impairments and memory loss following an accident) and a motion to stay proceedings pending a ruling on the appointment of counsel request.

which the petition was filed may transfer the petition to the other "in the exercise of its discretion and in furtherance of justice." *Id.*

Here, Santos is incarcerated in this judicial district but was convicted and sentenced in Dauphin County, which is located in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b). The claims which Santos presents in his habeas petition deal with the constitutionality of his conviction, sentence, and appeal. Since the records of his conviction and appeal are located in the Middle District of Pennsylvania and the District Attorney of Dauphin County would be in the best position to respond to his petition, it is in the interests of justice to transfer this petition to the Middle District.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 7th day of November, 2006, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be transferred to the Middle District of Pennsylvania.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

